56 F.3d 64
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Donald Gene HENTHORN, Plaintiff-Appellant,
v.
Michael W. HESTER, Correctional Officer, et al., Defendants-Appellees.
 No. 94-5090.
 United States Court of Appeals, Sixth Circuit.
 May 16, 1995.
 
 1
 Before: SUHRHEINRICH and DAUGHTREY, Circuit Judges, and HEYBURN, District Judge.*
 
 ORDER
 
 2
 Donald Gene Henthorn appeals pro se from a district court judgment dismissing a civil rights case that he had filed under the authority of Bivens v. Six Unknown Named Fed. Narcotics Agents, 403 U.S. 388 (1971). His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R. App. P. 34(a).
 
 
 3
 Henthorn alleged that he was sexually assaulted by a prison guard during two pat down searches. He also sued various supervisory personnel who allegedly condoned or conspired to cover-up these assaults. The district court conducted a hearing on Henthorn's allegations and orally granted the defendants' motion for summary judgment on November 19, 1993. Henthorn's motion for reconsideration was denied, and a written judgment clarifying the court's oral decision was entered on December 8, 1993. Henthorn now appeals.
 
 
 4
 Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The movant meets its initial burden "by 'showing' - that is, pointing out to the district court - that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). The burden then shifts to the nonmoving party, who must go beyond the pleadings and present specific evidence which shows that there is a genuine issue for trial. Id. at 324. A de novo review of the record shows that Henthorn has not met that burden here.
 
 
 5
 Henthorn alleged that Defendant Hester violated his Eighth Amendment rights by sexually assaulting him during a routine pat down search on June 2, 1992. He also alleged that a similar incident took place on August 13, 1992. In analyzing these claims, we must determine whether the force used in the searches was applied in a good-faith effort to maintain discipline or maliciously and sadistically for the very purpose of causing harm. See Hudson v. McMillian, 503 U.S. 1, 6 (1992). Thus, to determine whether the force used was excessive, we consider the reason for the search, the type and amount of force used and the extent of Henthorn's injury. See Parrish v. Johnson, 800 F.2d 600, 604-05 (6th Cir. 1986).
 
 
 6
 Hester submitted a declaration stating that he has no independent recollection of the incidents that were described by Henthorn and that he always attempts to conduct searches in compliance with his training from the Bureau of Prisons. A de novo review of other evidence which describes Hester's training indicates that it was designed to avoid inappropriate sexual contact during prison searches. Hester also stated that he has "never assaulted or fondled any inmate at any time."
 
 
 7
 The submission of these materials shifted the burden to Henthorn to present specific evidence which would create a jury question regarding his claim. See Fed. R. Civ. P. 56(e). Henthorn was given an opportunity to present this evidence at the hearing, where he demonstrated the manner in which he was searched to the court. The court summarized Henthorn's representations and demonstration as follows:
 
 
 8
 [I]t is clear that the alleged incidents took place when Plaintiff and other inmates were returning to the prison from work details. Hester and other correctional officers were conducting routine pat down searches. Thus, the alleged acts took place in full view of other correctional employees and inmates. Plaintiff and other inmates were fully clothed and the pat down searches only lasted a matter of seconds. Further, Plaintiff demonstrated and described in open court that Officer Hester moved his hands open-palmed with fingers together up Plaintiff's leg and inner thighs and touched his (Plaintiff's) testicles. There is no allegation or evidence that Officer Hester groped or clutched Plaintiff's genitals.
 
 
 9
 Henthorn does not dispute the specifics of this summary on appeal, despite the general reiteration of some of his allegations in his Reply Brief. A de novo review of the record, including Henthorn's representations in open court, shows that there was a valid reason for the searches, that Hester did not act in bad faith and that Henthorn suffered no more than de minimis injury. See Timm v. Gunter, 917 F.2d 1093, 1100 (8th Cir. 1990), cert. denied, 501 U.S. 1209 (1991). Henthorn also alleged that various supervisory personnel conspired to cover-up Hester's misconduct. However, Henthorn has abandoned any claims that he might have against the defendants other than Hester by failing to raise them in his initial brief on appeal. See Wright v. Holbrook, 794 F.2d 1152, 1156 (6th Cir. 1986). Thus, the defendants were all entitled to judgment as a matter of law.
 
 
 10
 Henthorn now argues that Hester's actions violated federal prison policies and regulations. He also contends that the defendants retaliated against him for bringing this lawsuit by transferring him to another institution. We will not consider these claims on appeal because they were not clearly presented to the district court in the case below. See Foster v. Barilow, 6 F.3d 405, 407 (6th Cir. 1993).
 
 
 11
 Henthorn also argues that the district court refused to enforce a discovery order, which allowed him to depose various witnesses by written questions. However, the court did not abuse its discretion by refusing to compel discovery because Henthorn did not notify the individuals being deposed of the name or descriptive title of the officer who would take their depositions. See Fed. R. Civ. P. 31(a)(3).
 
 
 12
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John G. Heyburn II, United States District Judge for the Western District of Kentucky, sitting by designation